# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RANDY CRITTENDEN,**

        Plaintiff,

        -vs-                                                Case No. 12-C-139

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration,**

        Defendant.

## DECISION AND ORDER

Randy Crittenden moves for an award of fees under the Equal Access to Justice Act, and he requests that those fees be directly paid to his attorney pursuant to a fee assignment. The government objects to direct payment under *Astrue v. Ratliff*, — U.S. —, 130 S. Ct. 2521, 2524 (2010), which held that an EAJA fee award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." The Seventh Circuit has explained that under *Ratliff*, "the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011). The government argues that it cannot "properly inquire" as to whether Crittenden owes the government a pre-existing debt until the Court directs an award directly to Crittenden because the Treasury Department's mechanism for identifying payments that may be subject to offset involves matching the taxpayer identification number of the payee against records of debts, and replacing the litigant with the attorney as payee

would defeat this mechanism. The ease with which the government can determine whether the plaintiff has pre-existing debt must be balanced against the interests of Crittenden's lawyer, and "to ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer." *Mathews-Sheets*, 653 F.3d at 566. In other words, the time to determine whether Crittenden has any pre-existing debt is now, in the context of Crittenden's motion to pay the award to his attorney, and the government's internal procedures are not the Court's concern. Absent any indication that there are pre-existing debts, the Court must grant the motion.

**IT IS HEREBY ORDERED THAT** the government's motion to file a sur-reply brief [ECF No. 24] is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Crittenden's motion for an award of **$6,053.75** in fees to be paid to Attorney David Traver [ECF No. 19] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2012.

**BY THE COURT**:

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**